United States District Court
Southern District of Texas
**ENTERED**
June 04, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RAMONA LEE SCHMEDEKE,** | § § | |
| *Plaintiff,* | § | |
| vs**.** | § § | CIVIL ACTION NO. 4:19-CV-02035 |
| **ANDREW SAUL,** Commissioner of the Social Security Administration | § § § | |
| *Defendant*. | § | |

### MEMORANDUM AND ORDER

Before the Court in this social security appeal is Defendant's Motion for Summary Judgment and Brief in Support (Document Nos. 11 & 12) and Plaintiff's Cross Motion for Summary Judgment and Brief in Support (Document Nos. 13 & 14). After considering the cross motions for summary judgment, each side's Response to the other's Motion for Summary Judgment (Document Nos. 15 & 16), the administrative record, the written decision of the Administrative Law Judge dated May 4, 2018, and the applicable law, the Court ORDERS, for the reasons set forth below, that Plaintiff's Motion for Summary Judgment is GRANTED, Defendant's Motion for Summary Judgment is DENIED, and this matter is REMANDED to the Commissioner for further proceedings.

**Introduction**

Plaintiff Ramona Lee Schmedeke ("Schmedeke") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("Commissioner") on her claim for disability insurance benefits. In her first claim, Schmedeke argues that Defendant failed to fully and fairly develop the record and support his decision with substantial evidence. Pls.' Mot. for Summ. J. (Document No. 14) 10-12. The Commissioner, in contrast, argues that

1

there is substantial evidence in the record to support the ALJ's decision, that the decision comports with applicable law, and that the decision should be affirmed. Defs'. Resp. to Pls.' Mot. for Summ. J. (Document No. 12) 1-4. In her second claim, Schmedeke argues the ALJ's decision to reject expert medical opinions was not supported by substantial evidence; therefore, his step two determination is invalid. Pls.' Mot. for Summ. J. 13-15. The Commissioner responds that the rejection was warranted due to normal mental status exams that contradicted the psychological consultants' opinions. Defs'. Resp. to Pls.' Mot. for Summ. J. 4-7.

**Procedural History**

Schmedeke filed an application for disability insurance benefits on February 29, 2016, claiming that physical and mental conditions prohibited her from substantial gainful activity since November 1, 2015 (Tr. 38-39).[1] The Social Security Administration denied Schmedeke's application at the initial and reconsideration stages. After that, Schmedeke requested a hearing before an ALJ. Between Schmedeke's request and the hearing, she fell from a ladder and required surgery to fix a fractured hip. (Tr. 648).

The Social Security Administration granted her request for a hearing and the ALJ, Ross Stubblefield, held a hearing on February 26, 2018. (Tr. 23-37). On May 4, 2018, the ALJ issued his decision finding Schmedeke not disabled. (Tr. 10–16).

Schmedeke sought review of the ALJ's adverse decision with the Appeals Council. The Appeals Council will grant a request to review an ALJ's decision if any of the following circumstances are present: (1) it appears that the ALJ abused his discretion; (2) the ALJ made an error of law in reaching his conclusion; (3) substantial evidence does not support the ALJ's actions, findings or conclusions; or (4) a broad policy issue may affect the public interest. 20 C.F.R. § 416.1470. On April 3, 2019, the Appeals Council found no basis for review (Tr. 1–3), and the ALJ's decision thus became final.

Schmedeke filed a timely appeal of the ALJ's decision. 42 U.S.C. § 405(g). Both sides have filed a Motion for Summary Judgment, each of which has been fully briefed.

**Standard for Review of Agency Decision**

The Court's review of a denial of disability benefits is limited "to determining (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner's decision comports with relevant legal standards." *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999). Indeed, Title 42, Section 405(g) limits judicial review of the Commissioner's decision: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The Act specifically grants the district court the power to enter judgment, upon the pleadings and transcript, "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" when not supported by substantial evidence. 42 U.S.C. § 405(g). While it is incumbent upon the Court to examine the record in its entirety to decide whether the decision is supportable, *Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir. 1979), the Court may not "reweigh the evidence in the record nor try the issues de novo, nor substitute [its] judgment for that of the [Commissioner] even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988); *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999); *Cook v. Heckler*, 750 F.2d 391 (5th Cir. 1985). Conflicts in the evidence are for the Commissioner to resolve. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).

The United States Supreme Court defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). Substantial evidence is "more than a scintilla and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). The evidence must create more than "a suspicion of the existence of the fact to be established, but no 'substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

**Burden of Proof**

An individual claiming entitlement to disability insurance benefits under the Act has the burden of proving her disability. *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

3

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). The impairment must be so severe as to limit the claimant in the following manner:

> he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied to work.

42 U.S.C. § 423(d)(2)(A). The mere presence of an impairment is not enough to establish that one is suffering from a disability. Rather, a claimant is disabled only if he is "incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quoting *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1986)).

The Commissioner applies a five-step sequential process to decide disability status:

1. If the claimant is presently working, a finding of "not disabled" must be made;

2. If the claimant does not have a "severe impairment" or combination of impairments, he will not be found disabled;

3. If the claimant has an impairment that meets or equals an impairment listed in Appendix 1 of the Regulations, disability is presumed and benefits are awarded;

4. If the claimant is capable of performing past relevant work, a finding of "not disabled" must be made; and

5. If the claimant's impairment prevents him from doing any other substantial gainful activity, taking into consideration his age, education, past work experience and residual functional capacity, he will be found disabled.

*Anthony*, 954 F.2d at 293; *see also Leggett v. Chater*, 67 F.3d 558, 563 n.2 (5th Cir. 1995); *Wren v. Sullivan,* 925 F.2d 123, 125 (5th Cir. 1991). Under this framework, the claimant bears the burden of proof on the first four steps of the analysis to establish that a disability exists. If successful, the burden shifts to the Commissioner, at step five, to show that the claimant can perform other work. *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). Once the Commissioner shows that other jobs are available, the burden shifts, again, to the claimant to rebut this finding. *Selders v. Sullivan,* 914 F.2d 614, 618 (5th Cir. 1990). If, at any step in the process, the Commissioner determines

4

that the claimant is or is not disabled, the evaluation ends. *Leggett*, 67 F.3d at 563.

At step one in the case at hand, the ALJ found that Schmedeke had not engaged in substantial gainful activity since the alleged onset of disability. (Tr. 12). At step two, the ALJ determined that Schmedeke had the following medically determinable impairments: right hip fracture, hyperlipidemia, hypertension, diabetes, sarcoidosis, chronic obstructive pulmonary disorder (COPD), depression, and anxiety (Tr. 12-13). However, the ALJ found that these impairments were not severe because they did not significantly limit Schmedeke's ability to perform basic work-related activities for a twelve-month period. (Tr. 13). Consequently, the evaluation ended at step two, and the Court now limits its review to the appropriateness of the step two decision.

The ALJ found objective medical evidence: physical exams and chest x-rays, shows Schmedeke's lung disease was not severe enough to be a significant limitation. (Tr. 14). Plaintiff's motion for summary judgment did not raise this issue on appeal.

Similarly, the ALJ found objective medical evidence: post-operative x-rays showing a successful procedure and proper positioning, contradicted Schmedeke's report of severe hip pain. (Tr. 14). He also found Exhibit 9F "demonstrates that the claimant's [femoral] neck fracture is not expected to last a year." (Tr. 15). However, that information is not in the record and appears to be based on his own medical conclusion.

Lastly, the ALJ found substantial evidence did not support a claim for severe mental impairment. All but one evaluation concluded claimant could engage in substantial gainful activity. (Tr. 552, 588, 614-15, 445-50, 59-61, 74-77; *but see* Tr. 452-56 (finding severely limiting impairments)). The ALJ placed greatest weight on three mental status exams with normal results. (Tr. 15).

**Discussion**

The step two question is a "de minimis screening device to dispose of groundless claims." *Johnson v. Astrue*, CIVA H-08-3658, 2010 WL 148411, at *16 (S.D. Tex. Jan. 11, 2010) (quoting *Smoven v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987))). Plaintiff's bar is low: "[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age,

5

education or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).

In her motion for summary judgment, Schmedeke argues two issues. First, that the ALJ made his decision about the severity of her hip impairment without fully and fairly developing the record, and the decision is therefore unsupported by substantial evidence. Second, Schmedeke argues the ALJ relied on an improper rejection of expert medical opinion when he determined that her mental impairments were not severe. The Court cannot confirm that the ALJ relied on substantial evidence when reaching his decisions on both issues. Remand is therefore warranted.

**Hip Impairment**

Schmedeke appeals the ALJ's step two decision that her hip impairment was not severe because, she argues, he failed to fully and fairly develop the record by ordering a consultative exam following her hip surgery. Pls.' Mot. for Summ. J. (Document No. 14) 10-12. While agreeing with the Commissioner that the claimant has the burden of proof at the first four stages, the ALJ still has a duty to fully and fairly develop the facts relevant to a claim for benefits. *See Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996); *Kane v. Heckler*, 731 F.2d 1216, 1219–1220 (5th Cir. 1984).

Failure to fully develop the record is not grounds for reversal on its own. The claimant must also show prejudice: "that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley v. Chater*, 67 F.3d 552, 557 n.22 (citing *Kane*, 731 F.2d at 1220). In the case of subjective symptoms like pain, they "must be linked to a 'medically determinable component.'" *Id.* (citing 42 U.S.C. § 423(d)(1)(A)).

When determining the effects and limitations of an injury, "an ALJ may not—without opinions from medical experts—derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions. Thus, an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical condition." *Williams v. Astrue*, 335 Fed. App'x 828, 832 n.6 (5th Cir. 2009) (citing *Ripley*, 67 F.3d at 557).

To support a conclusion about a claimants' limitation, the ALJ needs evidence on the limitations. Even inferences that seem like common sense to a non-medical lay person are outside the bounds of an ALJ's discretion. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (quoting *Schmidt v. Sullivan*, 914 F.2d 117, 118 ("But

6

judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor… Common sense can mislead; lay intuitions about medical phenomena are often wrong.")). A record can be complete without a medical opinion if it includes other substantial evidence that speaks to the claimant's abilities and limitations. *See Ripley*, 67 F.3d at 557.[2]

In the case at hand, Schmedeke's subjective report of pain was plainly connected to a medically determinable component: her hip injury and procedure. The claimant was prejudiced because evidence on the hip's functional capacity might very well lead to a different decision at step two. That in turn would require the ALJ to continue through the five-step process in order to fairly evaluate the severity of claimant's impairments.

The ALJ concludes, "The record demonstrates that the claimant's [femoral] neck fracture is not expected to last a year." (Tr. 15 (citing Exhibit 8F, Tr. 457-644)). If that were a valid conclusion, Schmedeke's hip condition would not qualify for disability because it is not expected to last longer than a year. 42 U.S.C. § 423(d)(1)(A). However, this appears to be the ALJ's own medical conclusion, as this conclusion does not appear in any medical report in the record. The medical evidence in the record is limited to the *condition* of the hip: The post-operative x-rays that showed that the femoral and acetabular bones in proper position are evidence of the condition. They offer no evidence as to the limiting effects of the injury or recovery. Schmedeke's testimony is the only evidence on the *limitations* caused by the condition.

Evidence that defines a claimant's condition is not sufficient evidence by itself to determine the claimant's abilities and limitations.[3] In dismissing Schmedeke's claim, the ALJ impermissibly drew his own medical conclusions about the severity, longevity, and limitation of Shmedeke's hip injury.

An ALJ's step two decision that an impairment is not severe nor expected to last more than twelve months must be supported by substantial evidence. The failure by the ALJ to comply with the duty to develop the record constitutes error and results in a decision that is not supported by substantial evidence. *Kane*, 731 F.2d at 1219. On remand, the ALJ should fully and fairly develop the record by seeking a medical report on the effects of Schmedeke's hip condition, or offer other substantial evidence that demonstrates the limitations imposed by the condition.

**Mental Impairment**

Schmedeke next argues that the ALJ improperly resolved conflicting medical reports' conclusions on the severity of claimant's mental impairments and the effect they have on her ability function in substantial gainful employment. Pls.' Mot. for Summ. J. (Document No. 14) 13-15. This again goes to the ALJ's step 2 determination that her mental impairment was not severe. A review of the record is helpful.[4]

- November 16, 2015: Dr. Blaylock, M.D., (claimant's treating physician) finds normal mood, affect, judgment, cognition, and memory. (Tr. 535).

- June 6, 2016: Dr. Blaylock, M.D., (claimant's treating physician) finds normal mood, affect, judgment, thought content, and behavior. (Tr. 588).

- June 7, 2016: Dr. Formby, Psy.D., (examining psychologist) diagnoses dysthymic disorder and adjustment disorder with mixed anxiety and depressed mood. (Tr. 449-50). She concludes that Schmedeke was functionally capable of all "Paragraph B" tasks. *Id*.

- July 5, 2016: Dr. Geary, Ph.D., (state agency psychological consultant) finds severe affective and anxiety disorders, but concludes claimant can adequately function in work settings. (Tr. 57-61).

- January 4, 2017: Dr. Blaylock, M.D., (claimant's treating physician) finds normal mood, affect, judgment, and behavior. (Tr. 614-15).

- May 17, 2017: Dr. Formby, Psy.D., (examining psychologist) diagnoses major depressive and generalized anxiety disorders. (Tr. 456). She concludes the claimant has difficulty remembering instructions; has an impaired ability to sustain concentration, persistence, and pace; can't maintain social interaction typical in a workplace; or deal with the normal pressures and changes in routine in a workplace. *Id*. Consequently, Dr. Formby found claimant could not adequately function in work settings *Id*.

- June 2, 2017: Dr. Meyer, M.D., (state agency psychological consultant) finds severe affective and anxiety disorders, but concludes claimant can adequately function in work settings. (Tr. 74-77).

In short, the treating physician's three medical reports all show normal functioning. The two state psychological consultants' reports show severe impairments, but also find claimant can adequately function in work settings. Dr. Formby's two reports have consistent diagnoses of impairments, but the latter report, from May 2017, finds greater severity and substantial limitation.

8

While the ALJ's decision must be based on substantial evidence, a medical opinion by itself is not determinative. The ultimate decision on disability rests with the ALJ. *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). The weight given to a medical opinion depends on if it comes from the treating physician, an examining physician, the longevity of the treatment relationship, the thoroughness of the examination, supportability of the decision, consistency with the record, and the physician's expertise or specialization in the subject matter. 20 C.F.R. § 404.1527(c). Generally, the heaviest weight is given to treating physicians, since the longevity of their relationship with the claimant gives them the fullest picture of the claimant's health and capabilities. 20 C.F.R. § 404.1527(c)(2). Treating physicians' medical opinion is given controlling weight unless it lacks evidentiary support, is inconsistent with other substantial evidence, or is overly conclusory. *Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000); 20 C.F.R. § 404.1527(c).

The ALJ need not align his decision with the medical opinions in the record, but he must explain his reasons for rejecting them. *Kneeland v. Berryhill*, 850 F.3d 749, 759-60 (5th Cir. 2017).[5] Absence of a piece of evidence does not necessarily mean that the ALJ failed to consider it. *Hammond v. Barnhart*, 124 Fed. App'x 847, 851 (5th Cir. 2005). However, failing to address an "examining physician's conflicting opinion [makes] it impossible to know whether the ALJ properly considered and weighed the opinion." *Emmitt v. Saul*, No. 4:17-CV-02953, 2019 WL 3500558, at *13 (S.D. Tex. Aug 1, 2019) (citing *Kneeland*, 850 F.3d at 761[-62]).

Blaylock's opinions are not necessarily controlling because they are inconsistent with the other medical reports. The ALJ in this case gave the state agency psychological consultants and expert consultations "little weight" because their opinions were contradicted by the "normal mental status exams" administered by Schmedeke's treating physician, Dr. Blaylock. (Tr. 15). The ALJ's decision does not analyze the section 404.1527(c) factors or explain why he gives greater weight to the treating physician's brief medical opinion over the more specialized, thorough, functional, and specific opinions of Drs. Geary, Meyer, and Formby. Such a conclusion may be warranted, but a court cannot review the decision without its rationale or explanation. *See Obeng-Myers v. Berryhill*, No. CV H-18-4459, 2020 WL 1063000, at *6 (S.D. Tex. Mar. 5, 2020) ("Without weighing the factors or clearly setting out the reasons for the ALJ's decision, the court cannot conduct the substantial-evidence review that is required; 20 C.F.R. § 404.1527(f)(2) ("The adjudicator generally should explain the weight given to opinions from these sources

9

or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.").

Because he gave the medical opinions of Drs. Formby, Geary, and Meyer little weight, the ALJ did not mention or consider their opinions when determining to what extent Schmedeke had any difficulty understanding or remembering or applying information; maintaining concentration, persistence, and pace; interacting with others in workplace environments, or adapting and managing oneself.

It is not the Courts' place to reweigh the evidence or substitute its judgment. However, the decision must be supported by substantial evidence. To survive the second step of an ALJ's inquiry, a disability claim only needs to clear a "de minimis standard." *Johnson v. Astrue*, CIVA H-08-3658, 2010 WL 148411, at *16 (S.D. Tex. Jan. 11, 2010). In this case, the ALJ's finding that the claimant's impairment has "such minimal effect… that it would not be expected to interfere with the individual's ability to work" is contradicted or unsupported by Dr. Formby, Geary, and Meyer's conclusions. *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). Without the ALJ's explanation for why he placed greater weight on the findings from Blaylock's examinations than the functional opinions of Drs. Formby, Geary, and Meyer , the Court cannot determine the appropriateness of his decision. Consequently, the Court cannot find the ALJ's findings on claimant's mental limitations that underly his step two severity determination are supported by substantial evidence. Because of this, the Court cannot say the ALJ's conclusion is supported by substantial evidence, and remand is therefore warranted.

**Conclusion and Order**

Based on the foregoing, and the absence of substantial evidence to support the ALJ's determination at step two as Schmedeke's physical and mental impairment(s), it is

ORDERED that Plaintiff's Motion for Summary Judgment (Document No. 13) is GRANTED, Defendant's

Motion for Summary Judgment (Document No. 11) is DENIED, and this case is REMANDED to the Social Security Administration pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this opinion.

Signed at Houston, Texas, this ___4th___ day of June, 2020.

_____
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

**Footnotes**

[1] Her claim originally focused on lung disease and ADHD. Her claim has since changed to focus on her anxiety, depression, and recent hip injury.

[2] Such evidence includes testimony from a Vocational Expert, *Kirkwood v. Colvin*, No. 2:14-CV-191, 2015 WL 5714591, at *4 (S.D. Tex. Sept. 29, 2015), or a claimant's testimony that shows an ability to perform "a wide array of normal activities." *Wilson v. Colvin*, No. 3:15-CV-0031-BK, 2015 WL 6438245, at *4 (N.D. Tex. Oct. 22, 2015) (citing *Griego v. Sullivan*, 940 F.2d 942, 944-945 (5th Cir. 1991)).

[3] *Ripley v. Chater*, 67 F.3d 552, 557-58, 557 n. 27 ("In making this argument, the Commissioner points to reports discussing the extent of Ripley's injuries. Without reports from qualified medical experts, however, we cannot agree that the evidence substantially supports the conclusion that Ripley was not disabled because we are unable to determine the effects of Ripley's conditions, no matter how 'small', on his ability to perform sedentary work.").

[4] Due to the confusing nature of listing many names, dates, and diagnoses, a simplified table is offered below.

|  | Diagnosis | | |
| --- | --- | --- | --- |
|  | **Normal** | **Moderate-Severe:** *Non-Limiting* | **Severe:** *Limiting* |
| **11/16/15** | Blaylock, M.D. | | |
| **6/6/16** | Blaylock, M.D. | | |
| **6/7/16** | | Formby, Psy.D. | |
| **7/5/16** | | Geary, Ph.D. | |
| **1/4/17** | Blaylock, M.D. | | |
| **5/17/17** | | | Formby, Psy.D. |
| **6/2/17** | | Meyer, M.D. | |

[5] Because claimant filed her claim before March 27, 2017, the rules in section 404.1527 apply. Section 404.1520c applies to claims made on or after March 27, 2017. The updated rules removed the requirement for the ALJ to explain the weight given to medical opinions.